UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20339-CR-GAYLES

UNITED STATES OF AMERICA,

vs.

MATTHEW PISONI,
MARCUS PRADEL, and
VICTOR RAMIREZ,

    *Defendants.*
_____/

### DEFENDANTS' JOINT MOTION TO COMPEL GOVERNMENT TO PRODUCE MATERIAL MADE AVAILABLE TO THE NEW PROSECUTION TEAM

Defendants Matthew Pisoni, Marcus Pradel, and Victor Ramirez, through undersigned counsel, jointly and respectfully move this Court for an order compelling the government to produce to defense counsel all material it has shared or plans to share with the new prosecution team, and states as follows:

1. On November 18, 2022, this Court entered a formal written Order vacating the defendants' convictions and sentences and granting them a new trial with a new prosecution team. The Court "exercised great caution in" doing so, but ultimately concluded that the government's actions – purposely invading the defense camp, knowingly obtaining and relying upon privileged information, and lying to the Court and defense counsel during pre-and-post-trial proceedings to cover up its misconduct – "provide[d] reasonable grounds to question the integrity of the proceedings." D.E. 767 at 11-17, 20.

2. In the wake of the Court's Order, the government filed a motion to clarify the scope of materials available to the new prosecution team in preparing for the defendants' retrial D.E. 778. In it, the government suggested that not all material created or obtained after the defense

camp's invasion on February 17, 2016 should be off limits, proposing instead that the new team be permitted to view, among other things, material that post-dates the February 2016 cutoff but that relates to individuals or entities identified by the government before that date; material provided by or secured from the defendants after February 17, 2016, including defense discovery, trial exhibits, and demonstratives; all publicly filed pleadings related to the defendants' post-trial motions; and the transcript of the original trial. *Id.* at 2-4.

3. After full briefing by both the government and defense, this Court rejected the government's approach by Paperless Order on February 16, 2023, making clear that "[t]o have a fair and just trial, the new prosecution team must be limited to the same information the previous prosecution team possessed up to the improper invasion of the defense camp on February 17, 2016," and that "the new prosecution team shall only rely on information known to the Government prior to February 17, 2016." D.E. 782.

4. Since then, defense counsel have attempted both in person and in writing to confer with the government filter team to ensure that the Court's Order (D.E. 782) is being complied with and that the retrial team is only being provided with documents and witness statements (as memorialized in reports, notes and memoranda) that were created or received by the government before February 17, 2016.[1]

5. Defense counsel have also asked that the government provide us with copies of the documents and evidence it plans to share (or has already shared) with the retrial team so that we can prepare for the retrial and also litigate any other potential taint issues in a timely fashion prior to trial.

---

[1] During multiple conferral efforts, the government filter team has refused to confirm the scope of materials being provided to the new prosecution team, stating only that the government is "complying" with this Court's Order.

6. Unfortunately, the government filter team has refused our requests as "unfounded legally."

7. Before the original trial, the government produced thousands of pages of discovery. Without an understanding of when the government created or obtained each of the documents it produced, we have no way of knowing which ones may be shared with the government's retrial team and thus whether the government is complying with this Court's Order. What's more, we will be left to guess whether certain materials or information may be used during the government's retrial, which will only hinder our preparation for the retrial, especially for those of us who were not involved in the original trial.

8. Accordingly, Defendants respectfully request that the Court issue an order requiring the government to produce to the defense all material it shares with the new prosecution team.

Respectfully submitted,

/s/ Daniel L. Rashbaum
Daniel Lawrence Rashbaum
Fla. Bar No. 75084
drashbaum@mnrlawfirm.com

/s/ Jeffrey E. Marcus
Jeffrey E. Marcus
Fla Bar No. 310890
jmarcus@mnrlawfirm.com

MARCUS NEIMAN RASHBAUM
& PINIERO LLP
2 South Biscayne Boulevard, Suite 2530
Miami, Florida 33131

*Counsel for Matthew Pisoni*

/s/ Marc David Seitles
Marc David Seitles, Esq.
Fla. Bar No. 0178284
mseitles@seitleslaw.com

Courthouse Center
40 N.W. 3rd Street
Penthouse One
Miami, Florida 33128

*Counsel for Marcus Pradel*

/s/ Richard C. Klugh
Richard C. Klugh, Esq.
Fla. Bar No. 305294
rklugh@klughlaw.com
40 N.W. 3rd Street, PH 1
Miami, Florida 33128

*Counsel for Victor Ramirez*

## LOCAL RULE 88.9(a) CERTIFICATION

Undersigned counsel hereby certifies that we conferred with counsel for the government, who opposes the relief sought in this motion.

/s/ Jeffrey E. Marcus
Jeffrey E. Marcus

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2023, a true and correct copy of the foregoing notice was served via CM/ECF on all counsel or parties of record.

/s/ Jeffrey E. Marcus
Jeffrey E. Marcus